**SHORT v. UNITED STATES.**
**Civ. A. No. 631.**

United States District Court
S. D. West Virginia.
April 26, 1954.

Campbell, McNeer & Woods, L. E. Wods, Jr., Charles F. Bagley, Jr., Robert K. Emerson, Huntington, W. Va., for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Roger M. Stuart, Jr., Sp. Assts. to Atty. Gen., Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., for defendant.

WILKIN, District Judge.

This is an action to recover $5,411.41, paid by the plaintiff to the defendant as gift taxes on certain transfers of property made by Irene Goodykoontz to the plaintiff and his wife. Plaintiff contends that the transfers were not completed gifts and that, therefore, no gift taxes were due. The sole issue, therefore, is whether or not the transfers in question were completed gifts.

The case was submitted on the pleadings, stipulation of facts, statements and arguments of counsel, and briefs.

The following transfers of stocks were made by Mrs. Goodykoontz:

On December 17, 1947, 200 shares of common stock of Mountaineer Hotel Company, to the plaintiff.

On January 8, 1948, 100 shares of the common stock of Bankers-Pocahontas Coal Company, to the plaintiff.

On March 29, 1948, 600 shares of the common stock of Island Creek Coal Company, to plaintiff's wife.

On April 8, 1948, 150 shares of the common stock of The National Bank of Commerce of Williamson, West Virginia, to the plaintiff.

On November 9, 1949, 100 shares of the common stock of Norfolk & Western Railway Company, to the plaintiff.

The certificates for such stock were delivered to Mr. J. W. St. Clair, in accordance with an agreement providing that Mrs. Goodykoontz was to have all the dividends on the stock during her life, that the stock certificates should be held by said attorney, J. W. St. Clair, during the life of Mrs. Goodykoontz and, if the plaintiff failed to turn over to her the dividends during her lifetime, then the attorney should return the stock certificates to Mrs. Goodykoontz. But if all the dividends were paid to her during her life, then upon her death, the attorney should deliver the stock certificates to the plaintiff.

Mrs. Goodykoontz filed gift tax returns for these transfers of stock, in 1947, 1948, 1949, and 1950. The plaintiff and his wife filed returns as donees of such stock. Mrs. Goodykoontz contended that the transfers were not completed gifts and requested the Commissioner of Internal Revenue to rule on such contention. On May 26, 1950, the Commissioner ruled that the transfers were completed gifts. Mrs. Goodykoontz failed to pay the gift tax imposed and the plaintiff, believing that the transfers constituted completed gifts, paid the tax assessed in accordance with the provisions of Section 1009 of the Internal Revenue Code.

In the summer of 1950, differences arose between Mrs. Goodykoontz and Mr. and Mrs. Short and the friendship, which had previously existed, came to

an end. In November, 1950, Mrs. Goodykoontz instituted suit in the Circuit Court of Cabell County, West Virginia, against the plaintiff, his wife, and said J. W. St. Clair, alleging that the transfers of stocks were made as the result of undue influence "amounting to a moral force and coercion which was sufficient and did destroy the free agency of complainant (Mrs. Irene Goodykoontz), and in effect substituted the will of the respondents Short for such will and understanding as this complainant possessed." The plaintiff in this case, and the other defendants in the case in the Circuit Court of Cabell County, denied that such transfers were made under any undue influence of any kind. Extensive preparations for trial were made. A day or two before trial, however, a compromise settlement was agreed upon.

Under the terms of such settlement, plaintiff herein relinquished all his claimed rights to all the stocks transferred to him, except the 200 shares of Mountaineer Hotel stock and 87 shares of the 150 shares of The National Bank of Commerce stock; the plaintiff's wife released all her claimed rights to the stocks transferred to her; and Mrs. Goodykoontz relinquished all her rights to the dividends, etc., with respect to the 200 shares of Mountaineer Hotel stock and 87 shares of The National Bank of Commerce stock retained by plaintiff, and title to these stocks was vested in the plaintiff, free and clear of all claims of Mrs. Goodykoontz.

Following that settlement, the plaintiff herein filed a claim for refund of the gift taxes paid by him and no action having been taken by the Commissioner on said claim for six months following the filing thereof, plaintiff then instituted this action. It is the contention of the plaintiff that the earlier transfers were not completed gifts and, therefore, not subject to the gift tax, and that the property obtained by him at the time of the settlement did not exceed the value of $30,000 allowed by law as an exemption. He, therefore, seeks recovery of all payments made by him.

The plaintiff's claim is based upon the cases which have held that the gift tax statute is applicable only to consummated gifts; that is, gifts that are beyond recall, and he contends that a gift is not completed if it can be recalled by terms of the gift or by operation of law. He argues that the settlement made in this case shows that the gifts of stock were subject to recall.

The defendant contends that the transfers to plaintiff and his wife were completed gifts, that the settlement was a voluntary and gratuitous act of the parties, which could not affect the nature of the gifts formerly established, and that, therefore, the plaintiff is entitled to no refund.

This Court is constrained to hold in accordance with the ruling of the Commissioner of Internal Revenue that the transfers of stocks were completed gifts at the time they were made. The agreement between Mrs. Goodykoontz, the Shorts, and Mr. St. Clair, fixed the rights of the parties to the stocks transferred, and made no provision for recall. The voluntary settlement of the action instituted by Mrs. Goodykoontz in the West Virginia court can not affect the finality of the gifts formerly made. The plaintiff argues that because some of the stocks were transferred back they were, therefore, subject to recall. But by the terms of the settlement some of the other stocks were retained by the plaintiff which, by similar inference, would show that the gifts were final.

If the case in the state court had gone to trial, and the claim of the plaintiff in that action had been sustained by judgment of the court, then there would be a different question before this Court. But until a judgment of a competent court declares the transfers voidable or void, they must stand in law as they were at the time they were made. The Court in

**758**

this case can not tell what considerations induced the settlement. The transfers made in accordance with the settlement moved both ways, and were free and voluntary acts of the parties. The only thing that could make the transfers incomplete and subject to recall would be the establishment of the truth of the allegations of undue influence. Those allegations were denied as emphatically as they were affirmed. And the compromise made concessions by both sides of the controversy.

There is in the law what some legal authorities and publicists have referred to as the "sporting chance." Sometimes the rights of parties can not be determined by established facts and legal logic. The issues of life, and the conflicting interests of parties, are sometimes too confused and complex to be determined by exact science. There are times when litigants must take a chance. They must act without definite assurance as to the future. In such circumstances, they act at their peril. The law will not relieve them of the consequences of a lost chance. The plaintiff in this case had his chance to stand trial and obtain the judgment of the state court, in which case, if he had won, he and his wife could have retained all of the transferred stock or, if he had lost, he could have obtained the return of the gift tax paid. The parties preferred not to take that chance. In the circumstances, this Court can not relieve them of the consequences of their choice.

This case is differentiated from all the cases relied on by the plaintiff. It can not be said that by the terms of the grant or by operation of law the transfers made were subject to recall. The subsequent voluntary acts of the parties are not sufficiently conclusive to affect the rights established by the original transfers and agreements.

Complaint dismissed at costs of plaintiff.